UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| CALVIN WILLIAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-180-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Calvin William is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. William has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal firearm conviction. [D. E. No. 1] William has paid the $5.00 filing fee. [D. E. No. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates William's petition under a more

lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because William can not pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

On June 7, 2004, a federal jury in Pennsylvania convicted William of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). *United States v. William*, No. 2:03-CR-315-TON-1(E. D. Pa. 2003) On January 24, 2005, the district court determined that William was an armed career criminal as defined by 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"),[1] and sentenced him to a 15-year prison term, followed by 5 years of supervised release. [D. E. No. 75, therein] On direct appeal, the Third Circuit affirmed the conviction. *United States v. William*, 203 F. App'x. 410 (3d Cir. 2006).

---

[1] William states that his three prior Pennsylvania state court convictions, which triggered the enhanced sentencing provisions of § 924(e), consisted of two convictions for Possession with Intent to Deliver a Controlled Substance and one conviction for Robbery. *See* Petition [D. E. No.1, p. 2].

On January 24, 2008, William filed a motion to vacate his sentence under 28 U.S.C. § 2255 raising several claims of ineffective assistance of trial counsel. *United States v. William*, 2:03-CR-315-TON-1(E. D. Pa. 2003) [D. E. No. 85, therein] On November 29, 2010, the Magistrate Judge issued a lengthy Report and Recommendation ("R & R") concluding that all of William's ineffective assistance of counsel claims lacked merit and that his § 2255 motion should be denied. [D. E. No. 115, therein] On February 9, 2011, the district court overruled William's objections to the R & R, adopted the R & R, and denied William's § 2255 motion. [D. E. No. 119] William appealed, but the Third Circuit denied his request for the issuance of a certificate of appealability. [D. E. No. 122, therein]; *United States v. William*, No. 11-1397 (3d Cir. May 31, 2011). On October 11, 2011, the United States Supreme Court denied William's petition for a writ of *certiorari*. *William v. United States*, ___ U.S. ___, 132 S.Ct. 428, 181 L. Ed.2d 278 (2011).

**CLAIMS ASSERTED IN § 2241 PETITION**

In the instant § 2241 petition, William argues that his sentence is unconstitutional because the district court, rather than the jury, determined that he had been convicted of the prior offenses which formed the basis of his enhanced sentence under the ACCA. William further alleges that his prior state court Robbery conviction does not qualify as violent felony under § 924(e) because the conviction

3

was for conspiracy to commit robbery, not for the substantive crime of robbery. Accordingly, William asserts that the district court should have excluded his prior Robbery conviction from consideration under § 924(e), and should not have sentenced him beyond the 10-year maximum term of imprisonment established for violating 19 U.S.C. § 921(g)(1).

William contends that he is thus actually innocent of being an armed career criminal, and that his enhanced 15-year sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates of the charged offense, including any facts which pertain to an increased sentence. In support of this argument, William relies on a June 2013 decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. William seeks relief from his sentence.

## DISCUSSION

William is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, William challenges the constitutionality of his underlying federal conviction and

4

sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. A petitioner may use this provision only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but

5

was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

A fair reading of the Third Circuit's October 24, 2006, opinion affirming William's conviction suggests that on direct appeal, William did not raise a claim challenging the validity of his ACCA-enhanced sentence.[2] At sentencing, William either knew, or should have known, of the facts supporting his contention that his prior Robbery conviction did not qualify as a "violent" offense under the ACCA. William could and should have challenged his ACCA-enhanced sentence on direct appeal, or, at the very latest, in his § 2255 motion.[3] The failure to raise a specific claim in a prior § 2255 motion does not mean that the remedy under § 2255 was inadequate or ineffective. *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An

---

[2]

The Third Circuit stated, "On appeal, William argues that the District Court erred in denying his motion to suppress the gun as evidence obtained in connection with an illegal search." *United States v. William*, 203 F. App'x at 411. Thus, it appears that on direct appeal, William did *not* argue that the district court had improperly enhanced his sentence under § 924(e).

[3]

In his § 2255 motion, William raised several ineffective assistance of counsel claims, but he did not allege either that the district court improperly sentenced him under the ACCA, or that his counsel had been ineffective for failing to object to district court's use of his prior Robbery conviction to enhance his sentence under the ACCA.

actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). William contends that *Alleyne* establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; is a new rule of law which applies retroactively; and affords him relief from his sentence.

7

However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also consistently held that *Alleyne* does not apply retroactively and does not provide a basis for relief under § 2241. *See Means v. Quintana,* No. 5:13-106-DCR, 2013 WL 5707237 at *4 (E.D. Ky. Oct. 21, 2013); *Smith v. Holland*, No. 13-CV-147–KKC, 2013 WL 4735583, at *4 (E. D. Ky. Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013).

At least three other district courts in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *Bowers v. Coakley*, No. 4:13 CV 332, 2013 WL 4084104, at *3 (N.D. Ohio August 13, 2013) (holding that *Alleyne*

8

did not provide relief under § 2241 because it "...is not such an intervening change in the law and does not decriminalize the acts which form the basis of [the petitioner's] conviction."); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255). Based on this authority, the Court is unable to conclude that *Alleyne* affords William any retroactive relief.

Further, William does not allege that he is actually innocent of the underlying offense of which he was convicted, *i.e.*, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Instead, based on the rule announced in *Alleyne*, William contends only that the district court incorrectly determined that he was an armed career criminal and improperly enhanced his sentence under the ACCA.[4] The

---

[4]

Even had William argued on direct appeal that his prior Robbery did not qualify as a predicate crime of violence under §924(e)-- because he was convicted only for Conspiracy to Commit Robbery-- it is unlikely he would have prevailed on the issue. The Third Circuit long ago determined that for purposes of sentencing enhancement under the ACCA, a defendant's previous conviction of criminal conspiracy to commit robbery qualified as a "violent felony" under the ACCA. *United States v. Preston*, 910 F.2d 81, 87 (3rd Cir. 1990) (holding that Preston's 1977 conviction in the Cumberland County Court of Common Pleas for criminal conspiracy to commit robbery "...could be used to enhance Preston's sentence under the Career Criminals Amendment Act.").

Several other circuits, including the Sixth Circuit, have generally reached the same conclusion. *See, e.g., United States v. White*, 571 F.3d 365, 370-71 (4th Cir. 2009) (holding that North Carolina conspiracy is "roughly similar, in kind as well as in degree of risk," to the offenses enumerated under § 924(e)); *United States v. Goddard*, 25 F.3d 1051 (Table), 1994 WL 182188, at *5 (6th Cir. Mich. May 11, 1994) (holding that conspiracy to commit armed robbery qualified as a predicate offense under the

savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). The savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, because William has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

---

ACCA); *United States v. Fiore*, 983 F.2d 1, 3 (1st Cir. 1992) (holding that prior convictions for conspiracy can qualify as predicate offenses under the career offender provisions of the federal Sentencing Guidelines); *but see United States v. Gore*, 636 F.3d 728, 745 (5th Cir. 2011) (Higginbotham, J. concurring and observing "the generic, contemporary definition of a criminal conspiracy includes a requirement that at least one of the conspirators take an overt act in furtherance of the agreement").

# CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Calvin William's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This February 21, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge